**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-10872
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMES R HAMILTON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
3:07-CR-370-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

James R. Hamilton appeals his jury trial conviction for theft of mail matter by an officer or employee in violation of 18 U.S.C. § 1709. Hamilton argues that the district court erred in overruling his objection to the prosecutor's statement during closing argument that the mail in question was delivered by a mail carrier to Hamilton in the Mesquite, Texas post office on February 17. He argues that the prosecutor's statement was improper because there was no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence introduced at trial to establish that the mail was delivered to him on that date. He also argues that the district court's error affected his substantial rights.

In closing arguments, a prosecutor may only discuss properly admitted evidence and any reasonable inferences or conclusions that can be drawn from that evidence.[1] "A prosecutor may not directly refer to or even allude to evidence that was not adduced at trial."[2]

We review a claim that a prosecutor made an improper argument in two steps.[3] First, we determine whether the prosecutor's remark was "legally improper."[4] If the remark was legally improper, we determine whether the remark "prejudiced the defendant's substantive rights."[5] "The determinative question is whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict."[6] To determine whether to reverse a conviction for improper prosecutorial argument, we consider "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction."[7]

---

[1] *United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir. 2008).

[2] *Id.* (quoting *United States v. Murrah*, 888 F.2d 24, 26 (5th Cir. 1989)).

[3] *Mendoza*, 522 F.3d at 491.

[4] *Id.*

[5] *Id.* (citing *United States v. Morganfield*, 501 F.3d 453, 467 (5th Cir. 2007)).

[6] *United States v. Virgen-Moreno*, 265 F.3d 276, 290 (5th Cir. 2001) (quoting *United States v. Iredia*, 866 F.2d 114, 117 (5th Cir. 1989)).

[7] *Virgen-Moreno*, 265 F.3d at 290-91 (quoting *United States v. Palmer*, 37 F.3d 1080, 1085 (5th Cir. 1994)).

We see no error in the court's permitting the prosecutor to claim that the mail in question was delivered to Hamilton on February 17, as opposed to some other date, because this was a reasonable inference based upon the evidence introduced at trial. Even if the comment about that date was improper, the error did not prejudice Hamilton's substantive rights. The jury was cautioned before trial and in the final jury charge that the lawyers' statements were not evidence. Given the cautionary instructions by the court, the fact that defense counsel made clear during his closing argument that the February 17 date had not been established by the evidence, and the strength of the evidence supporting Hamilton's conviction, any error by the prosecutor does not cast serious doubt on the correctness of the jury's verdict.

AFFIRMED.